ESTHER E. JENKINS *vs.* CHARLES E. JENKINS.

Middlesex. October 6, 1939. — October 27, 1939.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Probate Court*, Modification of decree, Divorce proceedings, Guardian ad litem. *Marriage and Divorce*, Custody of child. *Evidence*, Competency.

At the hearing of a petition for modification of that portion of a decree of divorce giving to the libellant sole custody of a child of the parties, the hearing of evidence relating to events or conditions previous to the date of the decree sought to be modified was within the discretion of the judge, and no abuse of discretion appeared in a refusal to hear it.

It was proper for a judge of probate, hearing a petition for modification of that portion of a decree of divorce relating to custody of a child of the parties, to use a report made by a guardian *ad litem* appointed under § 56A of G. L. (Ter. Ed.) c. 215.

PETITION, filed in the Probate Court for the county of Middlesex on October 14, 1938, for modification of a decree of divorce respecting custody of a child of the parties.

A decree was entered after a hearing by *Leggat*, J.

*G. H. Chase*, for the respondent.

*B. Saunders*, for the petitioner.

Cox, J. This is an appeal from a decree of the Probate Court of March 1, 1939, modifying its decree of February

7, 1938, by the terms of which the custody of the child of the parties was given to the father, who was granted a divorce *nisi*. The decree, as so modified, permitted the mother to have the child during certain hours on alternate week ends, on Easter, Thanksgiving and Christmas, and for a period of two weeks continuously during July or August of each year. It also provided that the father should pay the mother $10 each week. for the maintenance of the child during the summer period of two weeks, and, except as so modified, the first decree was affirmed. It was further decreed that the father should pay the mother as counsel fee the sum of $250. The same judge of probate heard the divorce libel and this petition for the modification of custody. A "commissioner" was appointed under G. L. (Ter. Ed.) c. 215, § 18, to take the evidence, which is reported. A guardian *ad litem* was appointed under G. L. (Ter. Ed.) c. 215, § 56A, to investigate the facts and report to the court. The father makes two contentions: (1) that the refusal to allow the introduction of evidence of material facts prior to the original decree of divorce was error, and (2) that upon all the evidence introduced at the hearing no modification of the decree as to custody could have been made.

1. The consideration of the first contention depends upon whether any exception was taken to the refusal to admit the evidence. The procedure in matters of divorce, if not specially prescribed, may be according to the course of proceedings in ecclesiastical courts or in courts of equity. G. L. (Ter. Ed.) c. 208, § 33. See, however, *Greenia* v. *Greenia*, 206 Mass. 449. Upon appeal from the Probate Court, "the evidence and all questions relating thereto shall be governed by sections twenty-four and twenty-five of chapter two hundred and fourteen and section one hundred and twenty-five of chapter two hundred and thirty-one." G. L. (Ter. Ed.) c. 215, § 12. *Mackintosh, petitioner*, 246 Mass. 482. *Spilios* v. *Papps*, 288 Mass. 23, 28. Said § 25 provides that, upon an appeal in a suit in equity in which the evidence is reported to the full court, all questions raised by exceptions taken at the hearing shall be

subject to revision by the court in the same manner as if they were contained in a bill of exceptions, and the report of the evidence shall include, as a part thereof, notes of any exceptions properly taken and the rulings of the judge in respect thereto, and it is not necessary to file any bill of exceptions. G. L. (Ter. Ed.) c. 214, § 25. See *Thayer* v. *Thayer*, 277 Mass. 256. No exception appears to have been taken to the refusal of the probate judge to hear any evidence relating to events or conditions prior to the date of the first decree, although the record discloses his refusal so to do. But we prefer to consider the matter as if an exception was properly saved.

Upon decree of divorce, the judge may make such decree as he considers expedient relative to the care, custody and maintenance of the minor children of the parties, and may determine with which of the parents the children or any of them shall remain, and afterwards may, from time to time, upon the petition of either parent or of a next friend, revise and alter such decree or make a new decree, as the circumstances of the parents and the benefit of the children may require. G. L. (Ter. Ed.) c. 208, § 28. "The governing principle by which the court must be guided in deciding the issues raised is the welfare of the child. That is so both as matter of law and as matter of humanity. Every public and private consideration establishes this as the dominating rule." *Hersey* v. *Hersey*, 271 Mass. 545, 555. In providing for the custody of a minor child, while the feelings and the wishes of the parents should not be disregarded, the happiness and the welfare of the child should be the controlling consideration. It is the duty of the judge to consider the welfare of the child in reference not merely to the present, but also to the probable future, and it is a subject peculiarly within the discretion of the judge. *Oliver* v. *Oliver*, 151 Mass. 349. See *Perry* v. *Perry*, 278 Mass. 601.

At the hearing on the petition, counsel for the father contended that, in view of the contention that a change in the circumstances had taken place since the original decree, it was first necessary to know what those circumstances were, and in the absence of "a record" in the case it was neces-

sary to go into the circumstances that existed "to show whether the facts are pertinent and what those circumstances were" upon which the original decree was based. A further examination of the record discloses that what counsel was really after was a recital of the evidence relating to the alleged misconduct of the mother upon which the decree *nisi* was based; he stated that "Her condition prior to the divorce throws a great deal of light on what her condition is at the present time." See *McCraw* v. *McCraw*, 171 Mass. 146, 148; *Callan* v. *Callan*, 280 Mass. 37, 41. We think there was no error on the part of the probate judge in declining to hear this evidence.

In the case of *Graves* v. *Graves*, 108 Mass. 314, where a modification of the decree as to alimony was requested, it was said, at page 321: "The court, being authorized to award such alimony as it may deem just and reasonable upon all the circumstances of the case, and to revise or modify any former decree therefor, may take into consideration the former relations and conduct of the parties, the circumstances of the separation, and the facts upon which any former decree was founded, as well as any new facts bearing upon the question." This is not saying that either party to the proceeding, as of right, could require the judge to hear the evidence upon which the former decree was founded. It follows from the original decree that the fact of misconduct on the part of the mother was established, which entitled the father to a decree, and the further fact that the father was entitled to the custody of the child. It is reasonable to assume that in awarding custody to the father the judge considered, as was his duty, the welfare of the child and the question whether the conduct of the mother had been such as to warrant the entry of a decree that gave her no rights with respect to the custody of her own child. With these facts established, the same judge was called upon to hear a petition for the modification of the decree as to custody. *Dumain* v. *Gwynne*, 10 Allen, 270, was a *habeas corpus* proceeding brought by parents to recover their children who had been voluntarily given up to a charitable institution by the mother. In speaking of the power of the

court to inquire fully into the matter, it was said, at page 275, "He [the judge] is not restricted to the ordinary modes of trial, but may direct that the children be brought before him, and may examine them privately, and may also avail himself of affidavits or other reasonable and proper sources of evidence." See *Harding* v. *Brown*, 227 Mass. 77, 85. The refusal of the probate judge to hear the evidence in question (and the record does not disclose what this may have been) was within his discretion. *Laing* v. *Mitten*, 185 Mass. 233, 235, 236.

The father contends that it was the duty of the Probate Court to make notes or a record of the facts found as the basis of its original decree. He could have asked for the appointment of a stenographer, G. L. (Ter. Ed.) c. 215, § 18, see G. L. (Ter. Ed.) c. 214, § 24. Without intimating that the judge was required to make such notes or record, it cannot be said that the father can complain where he failed to avail himself of the provisions of the statute. .

2. All the evidence is reported and has been examined. The decision of the judge who heard the evidence and saw the witnesses is entitled to weight and we are not satisfied that it was erroneous and not supported by the evidence. *Osborne* v. *Craig*, 251 Mass. 169, 172. *Foley* v. *Coan*, 272 Mass. 207, 209. In this connection, however, the father contends that there was error in the introduction of the investigator's report, and that he objected to its introduction. The report of the evidence begins with the statement of counsel for the mother: "I rest Your Honor on the report of the investigator, . . . ." On page 5 of the record counsel for the father said: "Then, my brother rests on the report and that report has gone into evidence." The judge said: "Yes." On page 92 of the record, when counsel for the mother said, "That is the petitioner's case. I assume the investigator's report is in evidence and if anything goes up it will go up," counsel for the father said: "It is not necessary for me to call Your Honor's attention that this violates every rule of evidence." This can hardly be said to amount to the saving of an exception, but, if we assume otherwise, there was no error. G. L. (Ter. Ed.) c. 215, § 56A, provides,

among other things, that any judge of a probate court may appoint a guardian *ad litem* to investigate the facts in any proceeding pending in said court relating to or involving questions as to the care and custody of minor children, and as to any matter involving domestic relations except those for the investigation of which provision is made by § 16 of c. 208, which provides for the appointment of an attorney to investigate and report to the court in relation to any pending libel for divorce. The guardian *ad litem* before final decree in such proceedings is required to report in writing to the court the results of the investigation and such report shall be open to inspection to all the parties or their attorneys. At the hearing the father was afforded the opportunity of attacking the report, and called many of the witnesses whom the guardian *ad litem* had interviewed. The judge was entitled to make use of the report.

A careful examination of the reported evidence discloses no reversible error.

*Decree affirmed.*