BRYANT E. PALMER *vs.* NANCY A. PALMER (NOW GERMAIN).   March 3, 1970.   A mother appeals from a decree of the Norfolk County Probate Court dismissing her general petition for modification of the decree which granted custody of her two minor children to their father, her former husband, to be exercised in the home of the paternal grandparents where their father resides. The judge filed a report of material facts finding ultimately "that it was for the best interests of the two children that they stay with their father at the home of their grandmother and grandfather." He incorporated as part of his report the findings and conclusions of a guardian ad litem who had recommended that the custody arrangements of the two children not be disturbed "until there is such a change in conditions that would require another review of the entire matter." The evidence which was reported is conflicting. We have reviewed the transcript and the report not only of the guardian ad litem to whom reference has been made but also that of a guardian previously appointed. General Laws c. 208, § 28, provides that a Probate Court may revise and alter a decree for custody "as the circumstances of the parents and the benefit of the children may require." A change in custody will not ordinarily be ordered in the absence of a change in circumstances since the original decree for custody. *Hinds* v. *Hinds*, 329 Mass. 190, 191. Whether such a change shall be ordered is a matter "peculiarly within the province of the judge, who observed the witnesses, among whom were both parents." *Grandell* v. *Short*, 317 Mass. 605, 608. The judge's decision will not be reversed unless erroneous and not supported by the evidence.   *Jenkins* v. *Jenkins*, 304 Mass. 248, 252.

*Decree dismissing petition affirmed.*

*John R. McGrath* for the petitioner.
*Alfred C. Walton* (*John C. Durgin, Jr.*, with him) for the respondent.