JAMES F. McMAHON *vs.* ANNE M. McMAHON.

Norfolk.    November 8, 1973. — December 31, 1973.

Present: ROSE, KEVILLE, & GOODMAN, JJ.

*Divorce,* Custody of child, Modification of decree.  *Probate Court,* Report of material facts.  *Evidence,* Privileged communication.  *Witness,* Attendance at court.

A "report of material facts" which contained recitals of evidence but no findings of fact was disregarded in favor of an examination of the reported evidence. [648]

Where it appeared that a mother, having custody of her children after the entry of a decree nisi of divorce, interfered with their father's visitation rights out of an unfounded fear of him and an unwarranted anxiety that the children were improperly cared for while in his company, that the father had constantly supported them and sought to be with them, and that a neurosis of the father, for which he was

undergoing treatment by a psychiatrist, did not impair his ability to function as a responsible parent, there was a change of circumstances since the entry of the decree nisi justifying, in the best interests of the children, an expansion of the father's visitation rights. [648-649]

A judge of a Probate Court hearing a father's petition for modification of his visitation rights with respect to his children under a divorce decree did not abuse judicial discretion in not compelling the father's psychiatrist to appear in court in response to the mother's summons where prior communications from the psychiatrist indicated that it was unlikely that, if the father claimed the patient-psychotherapist privilege contained in G. L. c. 223, § 20B, in order to bar his psychiatrist's testimony, the psychiatrist would have asserted a belief, as set out in the exception in § 20B (e), that his patient's mental condition would have impaired his ability to care for his children. [650]

PETITION filed in the Probate Court for the county of Norfolk on October 15, 1971.

The case was heard by *Podolski, J.*

*Sheldon H. Ganz,* for the respondent, submitted a brief.

KEVILLE, J.    This is an appeal from the allowance of a petition for modification brought by the father of two young children granting him a change of visitation rights from those allowed him in a decree of divorce nisi obtained by his wife who was also given custody of the children. The probate judge appointed an investigator (G. L. c. 215, § 56A) whose report is before us along with a transcript of the evidence and the judge's "Report of The Material Facts."

The latter contains recitals of evidence but no findings of fact. Since recitals of evidence are not properly part of a report of material facts, they will be disregarded. *Collis* v. *Collis,* 355 Mass. 25 (1968). In these circumstances we are to examine the evidence and decide the case according to our own judgment. *Paone* v. *Gerrig,* 362 Mass. 757, 758-760 (1973). Our examination of the evidence, including the investigator's report (see *Jenkins* v. *Jenkins,* 304 Mass. 248, 252-253 [1939]; *Jones* v. *Jones,* 349 Mass. 259, 264 [1965]), leads us to the conclusion that the decree below should stand. The evidence reveals a change of circumstances since the entry of the decree nisi justifying, in the

best interests of the children, an expansion of their father's visitation rights. The original order had essentially limited his association with the children to daytime visits on weekends and during a week of his vacation. Although the children looked forward to his visits, their mother's unfounded fear of their father and her unwarranted anxiety that they were improperly cared for while in his company, led to increased friction and to her obstruction of his visitations.

The modified decree, giving him the right to have the children overnight on weekends, to be able to see them when they are ill and to have them for three weeks during his vacation, was a reasonable effort on the judge's part to allow the children to associate more fully with their father and to reduce tension between the parents related to his visits with the children. The father holds a position of responsibility in the company for which he works. He has constantly supported the children and steadily sought to be with them. He has a neurosis for which he has been treated for some time by a psychiatrist; but this condition does not impair his ability to function properly as a responsible parent. We reach this conclusion without reliance upon a statement contained in the investigator's report attributed to the father's psychiatrist to the effect that, from his observation and treatment of his patient, there was no reason to limit his visitation rights with the children.

The psychiatrist failed to appear at the hearing on the petition for modification in response to the mother's summons; and she excepted to the judge's refusal at the close of the evidence to compel the psychiatrist's appearance before the court sought by her in order to test the opinion which he had previously given to the investigator. It was discretionary with the judge whether the psychiatrist should have been obliged to appear. G. L. c. 233, § 6. *Barrus* v. *Phaneuf*, 166 Mass. 123, 124 (1896).

The judge had had occasion to observe the father on the witness stand. He was extensively cross-examined by counsel for the mother, who obviously had prior thereto discussed the patient's condition with his psychiatrist. The

judge had before him a letter from the psychiatrist to counsel for the mother, received on the day of the hearing and introduced in evidence by the latter, on the question whether the psychiatrist should be obliged to appear and testify. That letter buttressed his earlier opinion expressed to the investigator in support of the father's visitation rights.

On this issue the mother's apparent reliance on the exception to the patient-psychotherapist privilege contained in G. L. c. 233, § 20B(c),[1] inserted by St. 1968, c. 418, is misplaced. Had the psychiatrist in this case appeared as a witness, the father could have asserted that privilege and his assertion would have barred the testimony of the psychiatrist unless the latter were prepared to meet the condition stated in § 20B(e) of the statute.[2] On this record it is most doubtful that the psychiatrist would have harbored the belief that his patient's mental condition was such that it would seriously impair his ability to care for his children and that the psychiatrist would, therefore, have felt it necessary to disclose that condition to the judge. See *Usen* v. *Usen,* 359 Mass. 453, 456-457 (1971). We conclude that there was no abuse of discretion and that the compulsory presence of the psychiatrist before the court would not have materially affected the outcome of the case.

*Decree affirmed.*

---

[1] "In any proceeding, *except one involving child custody,* in which the patient introduces his mental or emotional condition as an element of his claim or defense, and the judge or presiding officer finds that it is more important to the interests of justice that the communication be disclosed than that the relationship between patient and psychotherapist be protected" (emphasis supplied).

[2] "In any child custody case in which either party raises the mental condition of the other party as part of a claim or defense, *and the psychotherapist believes that disclosure is necessary because the mental condition of the patient would seriously impair his ability to care for the child,* and thereafter makes such disclosure to the judge in chamber; and the judge then determines that the mental or emotional condition of the patient would in fact seriously impair his ability to provide suitable custody, and that it is more important to the interests of justice that the communication be disclosed than that the relationship between patient and psychotherapist be protected" (emphasis supplied).