ADOPTION OF A MINOR (No. 2).

Suffolk. February 6, 1975. — May 7, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Adoption. Probate Court,* Adoption proceeding, Report of material facts.

While a report of a guardian ad litem recommended allowance of a petition of the paternal grandmother to adopt a four-year old child whose unmarried mother had died, and the maternal aunt of the child consented, the judge was not bound by the aunt's consent since it was not required, nor by the guardian ad litem's report; nevertheless, because of absence in the judge's report of material facts of any reference to a written report from the Department of Public Welfare required by G. L. c. 210, § 5A, with respect to the grandmother's petition, the judge's decision was not apparently based on a consideration of all the relevant facts, and decrees awarding custody to the Department and denying the grandmother's petition must be reversed and the matter heard again. [686-688]

The standard for decision in adoption cases is what will serve the best interests of the child and where such a discretionary decision is supported only by a judge's report of material facts, such report must reflect his consideration of all the relevant facts. [688-689]

FOUR PETITIONS filed in the Probate Court for the county of Suffolk on August 29, 1973, September 4, 1973, October 16, 1973, and May 1, 1974, respectively.

The cases were heard by *Yasi,* J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Anthony P. Mondello* for the individual petitioners.

*Brian T. Monahan* for the Department of Public Welfare.

BRAUCHER, J. This is a dispute over the custody and adoption of a boy now four years old. The unmarried mother was the victim of a homicide, and the Department of Public Welfare (the department) obtained custody of the child. A Boston man had been adjudicated the father, but he had no desire to obtain custody; his mother (the grandmother) and her husband sought to obtain custody and to adopt the child, with the consent of the mother's sister. The department opposed their petitions, and a judge of the Probate Court awarded custody to the department. We hold that in the totality of circumstances, including the absence of a written report by the department pursuant to G. L. c. 210, § 5A, as amended by St. 1972, c. 800, §§ 5, 5A, no decree could properly be entered on the grandmother's petition for adoption. We therefore reverse the decrees appealed from and direct that the matter be heard again.

The child was born in January, 1971, and paternity was adjudicated in August, 1972. The mother died August 17, 1973, and the department obtained custody on August 20, 1973. The grandmother and her husband filed a petition for guardianship with custody on August 29, 1973. Thereafter the department filed a petition for custody, a guardian ad litem was appointed, and custody was awarded to the department pending a hearing. A neighbor of the mother filed a petition for custody, the department filed a petition to dispense with consent to adoption, and the guardian ad litem filed a report and a supplementary report. On May 1, 1974, the grandmother and her husband filed a petition for adoption and change of name, all the petitions were consolidated for hearing, a hearing was held, and decrees were entered, all on the same day, May 1, awarding custody to the department, dispensing with the consent of the other parties to any adoption sponsored by the department, and denying and dismissing the other petitions. The grandmother and her husband appealed.

The evidence, except for the reports of the guardian ad litem, is not reported, but the judge filed a report of material facts, which we summarize. The father was nine years younger than the mother. By reason of his own uncertain circumstances, he has no desire for custody. The grandmother, aged 43, lives with her third husband, aged 47. They have the means to support a child, and the mother and child lived with them on visits on many occasions. The grandmother tried to persuade her son, the father, to marry the mother; she has had nothing to do with him for some time since the death of the mother. The department has placed the child in a foster home "where he is thriving," and plans to place the child for adoption with a couple to be selected from a current active list of qualified couples. It is in the best interest of the child that the petition of the department be granted. The "other petitioners are inescapably connected to the tragic events relative to the life and death" of the mother, and "the child should be given as much protection from this history as is humanly possible."

1. The grandmother and her husband argue that the judge improperly ignored the contrary recommendations of the guardian ad litem, made after a thorough investigation, and the consent to adoption by the maternal aunt. They also contend that in the circumstances the department is not an interested party. These contentions must be rejected. The report of the guardian ad litem, though admissible in evidence, was entitled only to such weight as the judge saw fit to give it. *Jones v. Jones,* 349 Mass. 259, 264 (1965). The relationship of the grandmother to the child satisfied one of the alternative conditions for the allowance of a petition for adoption. G. L. c. 210, § 2A (B), inserted by St. 1954, c. 649, § 1.[1] But our statute does not establish any

_____

[1] "No decree of adoption shall be entered for the adoption of a child below the age of fourteen until one of the following conditions

absolute priority for biological relationships. The maternal aunt is not among those whose consent is necessary to a decree of adoption. G. L. c. 210, § 2, as amended through St. 1974, c. 397. The department was an interested party, since the child had been committed to its custody at least temporarily. Cf. *Revocation of Appointment of a Guardian of a Minor Surrendered for Adoption*, 360 Mass. 81, 85 (1971). It was in any event entitled to notice of any petition for adoption. G. L. c. 210, § 5A.

2. Nevertheless, we think the material facts reported by the judge are insufficient as matter of law to support the denial of the petition for adoption by the grandmother and her husband. The report of material facts makes no reference to any written report by the department. General Laws c. 210, § 5A, as amended through St. 1972, c. 800, §§ 5, 5A, provides: "Upon the filing of a petition for adoption of a child under the age of fourteen, notice shall be given to the department . . .. The department shall submit to the court . . . such written report as will give the court full knowledge as to the desirability of the proposed adoption . . .. No decree shall be made upon such a petition until such report has been received." Perhaps because the petition for adoption by the grandmother and her husband was filed by consent on the day of the hearing and decree, the case has not been argued in these terms. But in the absence of the required report, the judge could not and did not adequately comply with G. L. c. 210, § 5B, as amended by St. 1970, c. 404, § 3: "In making orders for adoption, the judge shall consider the need of the child for loving and responsible parental care and all factors relevant to the physical, mental and moral health of the child." In view of the circumstances and the considerations discussed below, the decrees appealed from must be

has been met: . . . "(B) The petitioner is a blood relative of the child sought to be adopted, or . . .."

reversed, and the matter must be heard again. *Krakow v. Department of Pub. Welfare*, 326 Mass. 452, 456-457 (1950). It would be highly desirable, if further appellate proceedings are likely, that the evidence be reported.

3. We think it is appropriate, in the interest of arriving expeditiously at final dispositions in such cases, to comment on the procedures to be followed. Where the evidence is not reported, the facts found by the judge must be accepted as true unless mutually inconsistent or plainly wrong; the only question then presented on appeal is whether the decree entered was supported by the material facts reported. *Sodones v. Sodones*, 366 Mass. 121, 126-127 (1974). *Petition of the New England Home for Little Wanderers to Dispense with Consent to Adoption, ante,* 631, 645, n. 13 (1975). Under our statutes, the basic standard for adoption cases is what will serve "the best interests of the child." G. L. c. 210, § 3 (c), as appearing in St. 1972, c. 800 § 2. *Adoption of a Minor,* 362 Mass. 842, 846 (1973). Such a standard presents the department and the trial judge with a classic example of a discretionary decision. See Rosenberg, Judicial Discretion of the Trial Court, Viewed from Above, 22 Syracuse L. Rev. 635, 642-643 (1971). "Standards of mathematical precision are neither possible nor desirable in this field; much must be left to the trial judge's experience and judgment." *Petition of the New England Home for Little Wanderers to Dispense with Consent to Adoption, supra* at 646.

Discretion in this context does not of course mean arbitrary or capricious decision; it calls for decision based on *all* of the relevant facts. Troublesome facts, pointing to a conclusion contrary to that reached by the department or the judge, are to be faced rather than ignored. The report of the department is not simply to marshal those facts supporting its recommendation, and the judge's report of material facts, if it departs from the department's recommendation, is to explain why in terms of the total situation. Only then is the judge's conclusion

entitled to the great respect traditionally given to discretionary decisions.

In the light of these considerations, we cannot say that the failure of the department to submit the written report required by statute was merely a formal error in the present case.

4. The decrees appealed from are reversed, and the cases are remanded to the Probate Court for further proceedings consistent with this opinion.

*So ordered.*