WILLIAM L. DONNELLY & others *vs.* JANE P. DONNELLY
& others.

Plymouth.    January 19, 1976. — March 18, 1976.

Present: KEVILLE, GRANT, & ARMSTRONG, JJ.

*Habeas Corpus.    Parent and Child.*

Habeas corpus was not an appropriate remedy for a father of three
minor children in the custody of his former wife seeking to have his
visitation rights restored. [163-164]

PETITION for a writ of habeas corpus filed in the Supreme Judicial Court for the county of Suffolk on June 24, 1974.

On transfer of the case to the Superior Court, a motion to dismiss was heard by *Ford, J.*

*William L. Donnelly*, pro se.

*Alan K. Posner*, Assistant Attorney General, for the Probate Court for the county of Plymouth & others.

KEVILLE, J.    This petition for a writ of habeas corpus was brought pro se, under G. L. c. 248, § 1, by the father of three minor children (whom he purported to include as copetitioners) to have his visitation rights restored. The respondents are the mother of the children, a probate judge, a "family service officer" and a court psychologist. The petition was brought in the Supreme Judicial Court and transferred by a single justice of that court to the Superior Court where, after a hearing, it was dismissed for failure to state a claim upon which relief could be granted. The petitioner has appealed from an order allowing the respondents' motion to dismiss. There was no error.

The allegations of the petition (and documents appended thereto) are imprecise, but a fair distillation of

Donnelly v. Donnelly.

the petitioner's complaint is that he and the children, by suspension of his visitation rights, have been unlawfully restrained from associating with each other.

In May, 1973, the children's mother was granted a decree nisi of divorce from the petitioner and was given custody of the children. The petitioner was allowed visitation rights to be exercised under supervision of a "family service officer,"[1] one of the respondents here. Nine months later, the judge, who had granted the divorce and who is also a respondent, entered an ex parte order suspending the petitioner's visitation rights. After a full hearing held twenty-three days later on the petitioner's motion to vacate that order, the motion was denied.

In the circumstances of this case, habeas corpus is not an appropriate remedy to test the suspension of the petitioner's visitation rights.[2] The petitioner does not assert that the judge or the family service officer or the court psychologist are either legal or physical custodians of the children, nor does he challenge the validity of the decree giving custody of the children to their mother. "[C]ustody in the sense of restraint of liberty is a prerequisite to habeas, for the only remedy that can be granted on habeas is some form of discharge from custody." *Fay* v. *Noia*, 372 U. S. 391, 427, n.38 (1963). "From the beginning habeas corpus has been the means by which one who claims to have been held in illegal custody of another has the right to have the legality of his custody determined. The writ proceeds against the custodian." *United States* v. *Hen-*

---

[1] By St. 1969, c. 771, §§ 1, 2 and 3, amending G. L. c. 276, § 83, and inserting §§ 85A and 85B, probation officers, apparently called "family service officers" to describe more accurately the nature of their duties, were added to the personnel of the Probate Courts to assist the judges in the administration of their orders of custody and support in domestic relations cases.

[2] The petitioner has previously sought to raise the question of his visitation rights by way of a petition for a writ of habeas corpus brought in the Federal District Court. In affirming the District Court's dismissal of that petition, the United States Court of Appeals for the First Circuit held that "[h]abeas corpus relief is not available under these circumstances." *Donnelly* v. *Donnelly*, 515 F. 2d 129, 130 (1st Cir. 1975).

*dricks,* 213 F. 2d 922, 926 (3d Cir.), cert. den. 348 U. S. 851 (1954). *Jones* v. *Biddle,* 131 F. 2d 853, 854 (8th Cir.), cert. den. 318 U. S. 784 (1942). *Edmunds* v. *Won Bae Chang,* 509 F. 2d 39 (9th Cir. 1975), and cases cited. *De-Maris* v. *United States,* 187 F. Supp. 273, 275 (S.D. Ind. 1960). *People ex rel. Cronin* v. *Warner,* 268 App. Div. 867 (N.Y. 1944). *Peyton* v. *Nord,* 78 N.M. 717, 719 (1968).

The petitioner appears to be asserting an immutable right to association with his children. There is no such right. Parents' rights must yield to the best interests and welfare of their children. Although parents are the natural guardians of their minor children, their obligation to their children is in the nature of a trust reposed in them subject to their correlative duty of care and protection. The parents' right to associate with their children may be terminated by their failure to discharge those obligations. See *Purinton* v. *Jamrock,* 195 Mass. 187, 201 (1907); *Tornroos* v. *R. H. White Co.* 220 Mass. 336, 342 (1915); *Richards* v. *Forrest,* 278 Mass. 547, 553 (1932).

The obvious vulnerability of children to mistreatment at the hands of adults places a continuing responsibility upon the court in custody cases. *Pur-Shahriari* v. *Pur-Shahriari,* 355 Mass. 632, 633 (1969). Orders for the care and custody of children are considered interlocutory in nature, subject to revision based upon changing circumstances and directed to the best interests of the children. G. L. c. 208, § 28. *Oliver* v. *Oliver,* 151 Mass. 349 (1890). *Hersey* v. *Hersey,* 271 Mass. 545, 549-550 (1930). *Jenkins* v. *Jenkins,* 304 Mass. 248, 250-251 (1939). *Buchanan* v. *Buchanan,* 353 Mass. 351, 353 (1967). *McMahon* v. *Mc-Mahon,* 1 Mass. App. Ct. 647, 648-649 (1973). *Fuller* v. *Fuller,* 2 Mass. App. Ct. 372 (1974). See *Petition of the New England Home for Little Wanderers to Dispense With Consent to Adoption,* 367 Mass. 631, 636-637, 638-642 (1975). Of necessity, much must be left in these cases to the discretion of the trial judge. *Jenkins* v. *Jenkins,* 304 Mass. at 250. *Palmer* v. *Palmer,* 357 Mass. 764 (1970). *Adoption of a Minor (No. 2),* 367 Mass. 684, 688 (1975).

In view of our decision with respect to the propriety

of a habeas corpus action under these circumstances, we
need not decide other claims which the petitioner seeks to
raise by his petition.

*Order dismissing petition affirmed.*