THEMBA G. VILAKAZI *vs*. CAROL M. VILAKAZI MAXIE.

Suffolk.    November 4, 1976. — December 2, 1976.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, WILKINS, & LIACOS, JJ.

*Probate Court,* Report of material facts.    *Divorce,* Custody of child.

In an action in a Probate Court by a father seeking custody of his
   child, the judge's findings that the child was well cared for by her
   father and stepmother and that certain repeated actions by the
   natural mother were harmful to the child warranted the award of
   custody of the child to her father and stepmother with no rights of
   visitation by her natural mother. [409-410]

PETITION filed in the Probate Court for the county of
Suffolk on May 10, 1973.

The case was heard by *Yasi,* J.

After review was sought in the Appeals Court, the Su-
preme Judicial Court, on its own initiative, ordered direct
appellate review.

*Kristen Lasker* for Carol M. Vilakazi Maxie.
*Elaine M. Moriarty* for Themba G. Vilakazi.

QUIRICO, J.    This is a petition entered in the Probate
Court on May 10, 1973, by the father of a female child,
then almost three years of age, asking that he be granted
custody of the child and naming the mother of the child
as respondent. After several temporary orders and other
interlocutory proceedings thereon, and a hearing on the
merits, a judge of the Probate Court entered a decree on
December 5, 1974, granting the father and his second wife
"custody and possession of said minor child until the fur-
ther order of the Court, with no rights of visitation by
[the mother]." The case is now before us on the mother's
appeal from that decree.[1] The appeal was first entered in

---

[1] When the petition was filed in this case the father and mother
were living apart. Thereafter the father married Danette Jones (child's

the Appeals Court and was then removed to this court on our own motion under G. L. c. 211A, § 10 (A).

After she appealed the mother filed a request under G. L. c. 215, § 11, that the judge report the material facts found by him, and the judge filed such a report. It appears from the docket entries before us that on March 20, 1975, the mother filed a "Motion for Extension of Time for Filing of Transcript," and that on June 12, 1975, the judge allowed a "Motion to Dismiss Request for Transcript." It does not appear from the record before us that any exceptions or appeals were claimed from the judge's action in relation to a transcript, and the mother's brief raises no question for review by this court thereon. We summarize below the material facts found and reported by the judge.

When the child was born on July 15, 1970, the parents were living in New York. Marital problems which developed in the summer of 1972 resulted in the separation of the parents. The father, for the most part, had cared for the child during her tender months and until the parents separated. At some point during the separation the mother authorized the father to care for the child and to take the child with him when he moved to Boston in May, 1973.

After moving to Boston, the child was cared for by her father and stepmother. The stepmother is a stable young woman, a university graduate, and a full-time professional teacher, and she enjoys a good relationship with the father. The mother visited the child in her new home in Boston and encouraged the child to look to the stepmother for discipline, education, and emotional guidance.

When the father filed his petition on May 10, 1973, he was awarded custody of the child pending a hearing and until further order of the court. On October 31, 1973, he was awarded temporary custody of the child and the

stepmother) and the mother married Quinnance Maxie (child's stepfather). In his "Report of Material Facts" the judge said that he permitted the stepmother and stepfather to be joined as parties, but that fact does not appear in the docket entries. The only person appealing the final decree is the mother.

mother was granted reasonable visitation rights. This order was later modified by specifying the times and places at which the mother was entitled to visit the child.[2]

The period of time covered by the several modifications of the court order granting the mother visitation rights coincided with a period of increasing differences between the parents over the visitations as they affected the child. There were captures and recaptures of the child in New York and Boston in circumstances which were harmful to the child and which caused emotional and physical reactions in the child commensurate with these distresses. The mother insisted, as a matter of the dictates of her conscience, on instructing and educating the child on the basis of certain philosophy, and the father and stepmother were attempting to overcome those instructions. The child suffered from that tug-of-war. The father and stepmother have become the dominant custodians of the child, caring for her physical and emotional needs, and the child has responded well in spite of the controversy over her. The child evidenced a growing concern as the result of the instructions which the mother was giving her, and the father and stepmother observed reactions in the child following the visitations by the mother. If given custody or even visitation rights, the mother would continue the same teachings to the child.

At the conclusion of the hearing, and after an interview with the child, the judge awarded custody of the child to the father and stepmother, with no rights of visitation by the mother.

This case is before us solely on the judge's report of material facts, the evidence not having been reported. The scope of review in such a case was delineated in *Sodones* v. *Sodones*, 366 Mass. 121, 126-127 (1974), where we said

---

[2] On April 11, 1974, a court in New York granted the wife a divorce and purported to grant her custody of the child. The wife makes no present claim of right to custody based on that proceeding. In any event, the wife had submitted herself generally to the jurisdiction of the Probate Court of this Commonwealth in the same matter, and that court had taken jurisdiction before the date of the New York divorce.

that "[a]bsent a report of the evidence, an appellate court is bound by the facts reported. We must accept the report as including all the facts considered material by the judge to his decision, and cannot infer the existence of other facts not included therein. And we must accept the facts found as true unless the report itself indicates that they are mutually inconsistent or plainly wrong. If they are not, the only question before us is whether the decree entered was supported by the material facts reported. *Sidlow* v. *Gosselin*, 310 Mass. 395, 397-398 (1941). *Thompson* v. *Thompson*, 312 Mass. 245, 246-247 (1942). Cf. *Brooks* v. *National Shawmut Bank*, 323 Mass. 677, 680-681, 684-685 (1949)." See *Adoption of a Minor* (*No. 2*), 367 Mass. 684, 688 (1975); *Ruquist* v. *Ruquist*, 367 Mass. 662, 666 (1975); *Perry* v. *Perry*, 278 Mass. 601, 603-604 (1932); *Richards* v. *Forrest*, 278 Mass. 547, 551-552 (1932).

The material facts found and reported by the judge support his action in awarding custody of the child to the father and stepmother with no rights of visitation by the mother. In *Hersey* v. *Hersey*, 271 Mass. 545, 555 (1930), we stated the basic rule applicable in such cases as follows: "The governing principle by which the court must be guided in deciding the issues raised is the welfare of the child. That is so both as matter of law and as matter of humanity. Every public and private consideration establishes this as the dominating rule." We repeated that same language in *Jenkins* v. *Jenkins*, 304 Mass. 248, 250 (1939), and added: "In providing for the custody of a minor child, while the feelings and the wishes of the parents should not be disregarded, the happiness and the welfare of the child should be the controlling consideration. It is the duty of the judge to consider the welfare of the child in reference not merely to the present, but also to the probable future, and it is a subject peculiarly within the discretion of the judge." *Smith* v. *Smith*, 361 Mass. 855 (1972). *Jones* v. *Jones*, 349 Mass. 259, 263-264 (1965).

We hold that the judge correctly applied these principles in deciding this case and that on the facts found and reported by him he did not abuse his discretion. As to

the circumstances in which orders for the custody of minor children may be subject to future modification by the court see G. L. c. 208, §§ 28 and 30, *Palmer* v. *Palmer*, 357 Mass. 764 (1970), and *Hersey* v. *Hersey*, 271 Mass. 545, 550 (1930).

The judgment of the Probate Court is affirmed without costs to either party.

*So ordered.*