GIORGIO PETRUZZIELLO *vs.* BONNIE JEAN NEWMAN. September 10, 1979. After trial the probate judge made findings of fact and rulings of law (Mass.R.Dom.Rel.P. 52[a] [1975]) and entered a judgment modifying the parties' divorce judgment, reducing the appellant's (husband's) child support payments from $40 per week to $30 per week;

denying the husband's request for increased visitation with his minor child; dismissing the husband's complaint for contempt against the appellee (wife) for denying the husband visitation on specified occasions; and adjudging the husband guilty of contempt for being in arrears on child support payments in the sum of $505. The husband appeals from the judgment. We affirm. Based on our review of the evidence reported to us and giving "due regard . . . to the opportunity of the trial court to judge of the credibility of the witnesses," we conclude that the judge's findings were not "clearly erroneous" and that judgment was properly entered in accordance therewith. Mass.R. Dom.Rel.P. 52(a).

1. On the complaint for modification by the husband seeking increased visitation, the judge found that the allegations against the husband contained in the wife's affidavit were not substantiated by the evidence, and granted the husband the right to see his child for two hours every Sunday and for two hours on alternate holidays. It is clear from the judge's detailed findings that he considered all the factors relevant to the controlling consideration, the happiness and welfare of the child. *Vilakazi* v. *Maxie*, 371 Mass. 406, 409 (1976). *Donnelly* v. *Donnelly*, 4 Mass. App. Ct. 162, 164 (1976), and cases cited. See *McMahon* v. *McMahon*, 1 Mass. App. Ct. 647, 648-649 (1973). In such cases, much must be left by necessity to the discretion of the trial judge. *Vilakazi* v. *Maxie, supra.* See *Donnelly* v. *Donnelly, supra.* See generally Lombard, Family Law § 2000, at 529 (1967). We conclude that on the facts found by the judge he did not abuse his discretion. The judgment is to be modified, however, to restore the husband's weekly visitation rights to three hours each week (the schedule established by the judge in his judgment and order entered on December 1, 1977), since, at the oral argument on the appeal before this court, the wife, through her counsel, agreed to waive all objections to restoration of the three-hour weekly visitation.

2. The husband's complaint for contempt against the wife was properly dismissed. There was ample evidence to support the judge's finding that "there was reasonable and justifiable cause" for the wife's denial of visitation rights to the husband on certain occasions when the child was sick, and that on the other occasions, "it was not a willful nor intentional denial" of the husband's rights.

3. On the wife's complaint for contempt the judge found the husband to be in arrears on child support payments in the sum of $505 and ordered him to pay $10 per week to the Family Service Office. The judge in his findings stated that "the court accepts the figures contained in the [husband's] financial statement as to his gross earnings and his expenses, and also accepts the facts contained in the plaintiff's financial statement. . . ." The husband contends that the arrearage was due to his inability to pay, but the judge could have found, based on the evidence before him, including the above-mentioned financial statements, and the husband's own testimony, that the husband had refused to pay because the wife had withheld visitation and not because of inability to pay. On the facts of this case, there was no error.

Cf. *Sodones* v. *Sodones*, 366 Mass. 121, 131 (1974); *Salvesen* v. *Salvesen*, 370 Mass. 608, 611 (1976); *Ainslie* v. *Ainslie,* 6 Mass. App. Ct. 692, 695-696 (1978).

The judgment is to be modified as stated above in paragraph 1. As so modified, the judgment is affirmed.

*So ordered.*

*Henry F. Owens, III,* for the plaintiff.
*W. Paul White* (*Stephen P. Karll* with him) for the defendant.