ADOPTION OF A MINOR. November 14, 1979. After reviewing the judge's report of material facts and those parts of the evidence included in the appendix, we conclude that the judge's findings were fully

warranted by the evidence, and we affirm the decree entered on March 9, 1977, allowing the petition of the natural mother and her present husband to adopt the minor child and to change his legal name, all without the consent of the respondent, the child's natural father and former husband of the natural mother. G. L. c. 210, § 3(a)(ii) and (c), as amended through St. 1972, c. 800, § 2. The judge found that the child has lived with the petitioners since 1970 and views his prospective adoptive parent as his "functional father"; that the child has had "consistency and continuity of relationships" with the petitioners "for the major portion of [his] formative years"; that the petitioners "are devoted to [the child] and are continuing to provide love, emotional support, stability and a good physical environment for him. . . . [A]nd [they] are capable of providing the child with proper discipline and guidance"; that the respondent moved to Florida in 1974 and with the exception of three days since adoption proceedings were instituted has not visited with his child; that since 1970 he has paid a total of $50.00 in child support; that the respondent has a history of infractions of the law and a sporadic employment record; and that "[w]hile exhibiting concern relative to visitation with [the child] . . . he has abrogated his responsibilities for the health and welfare of the minor child by his lack of support. . . ." Based on these findings, which are supported by all the evidence, including the excerpts from the transcript which we have before us by designation, the judge did not err in granting the petition for adoption on the ground that the child's interests will best be served through his adoption by the petitioners. G. L. c. 210, § 3(a)(ii) and (c). *Petition of New England Home for Little Wanderers,* 367 Mass. 631, 641-642 (1975). *Adoption of a Minor (No. 2),* 367 Mass. 684, 688 (1975). The record does not substantiate the respondent's argument that the judge ignored the evidence inconsistent with her conclusion, such as the reports of the court appointed investigator, and we note that in any event the evidence was entitled to such weight as the judge saw fit to give it. *Jones* v. *Jones,* 349 Mass. 259, 264 (1965).

*Decree affirmed.*

*Michael J. Martin* for the respondent.
*Ira D. Feinberg* for the petitioners.