In a child custody modification judgment dated December 5, 2016, a Probate and Family Court judge ordered the parties' minor child to transfer to a school district centrally located between the parties' homes. Evan A. Soderstrom (father) appeals only the school transfer order, alleging that the judge failed to consider the best interests of the child in ordering the transfer, and instead, only considered Heather J. Hue's (mother) commute between her home, the child's school, and her place of employment. We affirm.
1. School transfer. The father claims that the judge erred in ordering the child to be transferred to the Sharon school district without making a finding that such a transfer would be in the child's best interests. We disagree.
Under the parties' former custody arrangement,[2] as ordered on January 10, 2013, the father had sole physical custody of the child and the mother had parenting time with the child. This arrangement remained in place for three years.[3] In 2015, the parties each moved for modification of custody, which resulted in the judge's December 5, 2016, judgment at issue in this appeal. In addition to ordering shared legal and physical custody of the child, the judge ordered the parties to transfer the child from her Mendon elementary school to "the Sharon public school system effective January 2017, unless the parties agree otherwise."[4]
Pursuant to G. L. c. 208, § 28, as amended by St. 1993, c. 460, § 61, a judge is permitted to modify an earlier judgment related to the care and custody of a child "provided that the court finds that a material and substantial change in the circumstances of the parties has occurred and the judgment of modification is necessary in the best interests of the [child]."[5] "A trial court's broad discretion to fashion an appropriate custody or visitation arrangement will not be disturbed on appeal unless clearly wrong." Austin v. Austin, 62 Mass. App. Ct. 719, 722 (2004), citing Rolde v. Rolde, 12 Mass. App. Ct. 398, 403 (1981). "The best interests of a child is the overarching principle that governs custody disputes in the Commonwealth." Charara v. Yatim, 78 Mass. App. Ct. 325, 334 (2010). This inquiry may involve the judge's consideration of a variety of factors "depend[ing] upon the particular needs of the child." Ibid. Furthermore, a judge should "consider the welfare of the child in reference not merely to the present, but also to the probable future, and it is a subject peculiarly within the discretion of the judge." Jenkins v. Jenkins, 304 Mass. 248, 250 (1939).
Although the judge did not expressly reference the best interests standard in his school transfer order, he summarized his findings of fact and conclusions of law in a thoughtful memorandum that demonstrated his consideration of the child's best interests. The judge found that the child's Mendon school was located ten minutes from the father's home in Mendon and forty minutes from the mother's home in Sharon. At the time of trial in March and April of 2016, the mother had not yet begun her employment in Brockton.[6] Once the mother began working, in order to transport the child to the Mendon school and then drive to work for her 8:00 A.M. start time, her "morning commute would be more than two hours and require her to leave home before 6:00 A.M. " As the mother testified at trial, she would most likely need to have someone other than herself transport the child to school.
In light of these findings and evidence, it was not an abuse of discretion to order the transfer of the child to the Sharon school district. First, as the judge found, it is in the child's "best interest that both of her parents have significant time with [her] on a regular basis in order for [the child's] relationship with them to continue to flourish." The school transfer enables that goal, since, presumably, the Sharon school's centralized location will enable the mother herself, rather than a secondary caretaker, to transport the child to school or to the bus stop near her house. Second, in ordering joint legal custody of the child, the judge found that the "parties [did] not agree on one specific major issue affecting [the child], namely, which school [the child] should attend," but because he resolved that issue within his judgment, he found that this disagreement would "not be an obstacle to joint decision-making going forward." It was within the judge's discretion to fashion a remedy that better enables the parties to cooperate in the future in the best interests of the child.[7] See Jenkins v. Jenkins, supra; Rolde v. Rolde, supra.
2. Mother's request for appellate legal fees and costs. The mother requests appellate legal fees and costs because, she claims, the father's appeal presented no reasonable expectation of reversal. Although we affirm the judgment, we cannot conclude that the father's appeal was frivolous. Therefore, we decline to exercise our discretion to impose attorney's fees and costs. See Moriarty v. Stone, 41 Mass. App. Ct. 151, 160 (1996).
Judgment dated December 5, 2016, affirmed.

The mother had physical custody of the child from February of 2010 until January of 2013, but the father was granted physical custody after the mother left the Commonwealth with the child in December of 2012.

During this time, the mother appealed the January 10, 2013, judgment to this court. We vacated and remanded for further proceedings. See Hue v. Soderstrom, 87 Mass. App. Ct. 1120 (2015).

The parties did not request the school transfer in their pleadings, and the father did not object when the judge brought it up at trial.

The parties do not dispute the judge's finding that a material change in circumstances had occurred.

Even still, on two occasions, she arrived late to pick up the child from school.

The father expressed concern that changing the child's school will deprive her of the opportunities both to further her Spanish language studies and to foster her existing friendships. It would not have been an abuse of discretion for the judge to take these concerns into consideration and nevertheless conclude that they were outweighed by other factors in the judge's best interests analysis. For instance, the Mendon school's Spanish language program only continues until fifth grade (at the time of trial, the child was in first grade), and the child's nanny regularly speaks Spanish with the child. Furthermore, the child has friends in the mother's neighborhood and has playdates outside of school with her Mendon school friends.