In 1993, the plaintiff was convicted of the aggravated rape of his pregnant girl friend and of related charges. The convictions were based on evidence that in 1992, he tricked the girl friend into coming back to his apartment where he repeatedly struck, kicked, and beat her with a half-sized baseball bat, in an apparent effort to terminate her pregnancy. He then raped her.
In 2010, the Sex Offender Registry Board (SORB) notified the plaintiff that it intended to classify him as a level three sex offender based on the 1992 rape. Following the evidentiary hearing requested by the plaintiff, a hearing examiner rejected SORB's proposed level three classification and instead classified him as a level two sex offender. Arguing that he should have been classified as, at most, a level one sex offender, the plaintiff appealed pursuant to G. L. c. 6, § 178M, and c. 30A, § 14. A Superior Court judge affirmed the level two classification. On the plaintiff's further appeal, we affirm the judgment.
In arguing that he presented only a low risk of reoffending, the plaintiff relied primarily on the report and testimony of Dr. Joseph J. Plaud, a psychologist. "The opinion of a witness testifying on behalf of a sex offender need not be accepted by the hearing examiner even where the board does not present any contrary expert testimony." Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 112 (2014), quoting Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 637 (2011). At the same time, "sex offender risk classifications must be established by clear and convincing evidence in order to satisfy due process." Doe, Sex Offender Registry Bd. No. 380316 v. Sex Offender Registry Bd., 473 Mass. 297, 314 (2015). As we have said on many occasions in another context in which decisions must be based on clear and convincing evidence, "[t]roublesome facts ... are to be faced rather than ignored." Adoption of Stuart, 39 Mass. App. Ct. 380, 382 (1995), quoting Adoption of a Minor (No. 2), 367 Mass. 684, 688-689 (1975). "Only then is the [fact finder's] conclusion entitled to the great respect traditionally given to discretionary decisions." Id., quoting Adoption of a Minor (No. 2), supra. We turn to whether the hearing examiner adequately addressed Dr. Plaud's opinion.
The hearing examiner concluded that Dr. Plaud's opinion warranted only "limited weight." She pointed out that much of his report included apparent boilerplate that did not even apply to the plaintiff. This led the hearing examiner to conclude that "the majority of th[e] evaluation [by Dr. Plaud] did not contain any substance." That statement is not inaccurate.
The hearing examiner also discounted Dr. Plaud's opinion because "[h]e did not utilize the factors [she was] bound to consider in 803 [Code Mass. Regs. §] 1.33.... [and] did not discuss or analyze how the Board's factors apply or do not apply to the [plaintiff's] case." That statement is accurate with respect to Dr. Plaud's report. However, as the plaintiff highlights on appeal, Dr. Plaud during his testimony did engage in some discussion of certain of SORB's regulatory factors in response to counsel's questions at the hearing. For example, during his testimony, Dr. Plaud addressed the plaintiff's failure to engage in standard sex offender treatment while he was incarcerated.[2] Specifically, Dr. Plaud explained why he believed that the plaintiff was not an appropriate candidate for such treatment, but instead could benefit from alternative treatment, some of which he received.[3] Without directly addressing such arguments, the hearing examiner expressly relied on the plaintiff's failure to enroll in available sex offender treatment as one of the "risk elevating factors" on which she based her determination that the plaintiff posed a moderate -- rather than a low -- risk of reoffending. The strongest argument the plaintiff raises is that a remand is necessary for the hearing examiner to address such arguments. While we agree with the plaintiff that it would have been preferable for the hearing examiner to have engaged directly with Dr. Plaud's contentions regarding sex offender treatment, we conclude on balance that a remand is unnecessary. Passing over the question whether the hearing examiner had a duty to address Dr. Plaud's opinion testimony to the extent it went beyond the scope of his report,[4] a close examination of his testimony reveals that there is less substance to his contentions than first appears. For example, in suggesting that the plaintiff received an alternative form of mental health treatment that may have been more effective than sex offender treatment toward reducing recidivism, Dr. Plaud's testimony referenced a particular page of his report. However, the only programs that the report actually mentioned were the plaintiff's "classwork in computers, mathematics, health awareness, and literature." Therefore, Dr. Plaud's testimony did not substantiate that the plaintiff received treatment that was better than sex offender treatment.[5]
We are unpersuaded by the plaintiff's remaining arguments. The circumstances surrounding the plaintiff's aggravated rape of his girl friend were horrific, and no serious argument can be raised that the plaintiff does not pose at least a moderate level of dangerousness. The extent to which the plaintiff poses a risk of reoffending is certainly a closer question, but the plaintiff has not shown that in addressing that question, the hearing examiner misapplied the mandatory factors. See Doe, Sex Offender Registry Bd. No. 68549, 470 Mass. at 109-110, quoting G. L. c. 30A, § 14 (7) ("A hearing examiner has discretion ... to consider which statutory and regulatory factors are applicable and how much weight to ascribe to each factor ... [and] a reviewing court is required to 'give due weight to [the examiner's] experience, technical competence, and specialized knowledge' "). Nor has the plaintiff shown that the hearing examiner's decision was unsupported by clear and convincing evidence.[6]
Judgment affirmed.

Dr. Plaud also touched on other "risk-elevating factors" set forth in SORB's regulations, including the plaintiff's relationship with his girl friend (Factor 7), his substance abuse (Factor 9), and his contact with the criminal justice system (Factor 10). See 803 Code Mass. Regs. § 1.33 (2016).

Dr. Plaud opined that the plaintiff was not an appropriate candidate for sex offender treatment because such "treatment is most effective, when it's effective at all, under certain conditions and mostly when individuals have an ongoing pattern of sexual deviance." Here, according to Dr. Plaud, the rape that the plaintiff committed in 1992 at age thirty-one was "motivated by ... factors that go beyond or are apart from primary sexual deviance" and was linked to the plaintiff's inability to control his anger in the context of a particular dysfunctional intimate relationship. Dr. Plaud noted that the incident "funneled, all his anger, everything in this one situation with [his then girl friend]," and that he did not "see cross-situational, cross-temporal, any indication of this behavior other places." According to Dr. Plaud, the appropriate treatment for the plaintiff in this context was "general mental health counseling, ... general psycho-educational skills such as healthy relationships, things of that nature, anger management in general."

Cf. Kace v. Liang, 472 Mass. 630, 637 (2015) ("a judge has broad discretion to admit or exclude expert testimony when the proponent has not given proper notice of ... the subject matter of the expert's anticipated testimony, either in his answers to interrogatories or in his supplementary responses" [quotation omitted] ).

The hearing examiner herself acknowledged that the plaintiff participated in "some" mental health counselling, but this counselling appears to have been related to the plaintiff's diagnoses of major depressive disorder and posttraumatic stress disorder, rather than any treatment directly designed to reduce his risk of reoffense.

We likewise discern no merit in the plaintiff's argument that the publication of his sex offender registration information on the SORB Web site is unconstitutional. See Moe v. Sex Offender Registry Bd., 467 Mass. 598, 616 (2014).