GABRIELLA DELLA CORTE vs. ANGELICA RAMIREZ. No. 11-P-451. February 2, 2012. *Divorce and Separation,* Child custody, Modification of judgment. *Minor,* Custody. *Parent and Child,* Custody of minor.

Gabriella Della Corte appeals from a modification judgment entered by a judge of the Suffolk Division of the Probate and Family Court Department, maintaining joint legal custody of the child with Angelica Ramirez. On appeal, she claims that Ramirez is not the child's legal parent, that the judge erred in

---

finding no material or substantial change in circumstances, and that it was error to not set out whether continued joint legal custody was in the best interests of the child. We affirm.

1. *Ramirez as a legal parent.* Della Corte claims that, despite the fact that she and Ramirez were married when the child was born, Ramirez is not the child's legal parent because Ramirez is not the biological parent of the child and the couple was not married at the time of conception. We disagree. Della Corte places a high value on the obvious fact that Ramirez is not, and could not be, the biological father of the child. Della Corte was artificially inseminated with the sperm of an anonymous donor approximately two months before Della Corte and Ramirez were married. Ramirez was, however, involved in the insemination process and was an integral part of the couple's decision to conceive.[1] Pursuant to G. L. c. 46, § 4B, "Any child *born* to a married woman as a result of artificial insemination with the consent of her husband, shall be considered the legitimate child of the mother and such husband" (emphasis supplied). We do not read "husband" to exclude same-sex married couples, but determine that same-sex married partners are similarly situated to heterosexual couples in these circumstances. See *Goodridge* v. *Department of Pub. Health*, 440 Mass. 309, 343 n.34 (2003) (*Goodridge*) ("statutory provisions concerning consanguinity or polygamous marriages shall be construed in a gender neutral manner"); *Cerutti-O'Brien* v. *Cerutti-O'Brien*, 77 Mass. App. Ct. 166, 170 & n.6 (2010) (applying divorce statute specifying "husband" and "wife" to same-sex married couple). In addition, because Ramirez and Della Corte were married when the child was born, the child is the legitimate child of both parties. See G. L. c. 46, § 4B. Contrast *T.F.* v. *B.L.*, 442 Mass. 522 (2004). There was no requirement that the parties be married at the time of conception, as the statute plainly states "[a]ny child born," not "any child conceived."

Della Corte further contends that in order for Ramirez to be a legal parent, she had to adopt the child. We disagree. In *Goodridge*, the Supreme Judicial Court specifically noted that without the right to civil marriage, same-sex couples were required to "undergo the sometimes lengthy and intrusive process of second-parent adoption to establish their joint parentage." *Goodridge, supra* at 335. As a result, it follows that when there is a marriage between same-sex couples, the need for that second-parent adoption to, at the very least, confer legal parentage on the nonbiological parent is eliminated when the child is born of the marriage.

Other salient facts supported the judge's conclusion. Both Ramirez and Della Corte are listed as parents on the child's birth certificate. The facts contained on a birth certificate "shall be prima facie evidence of the facts recorded." G. L. c. 46, § 19. The parties' separation agreement referred to Ramirez as a parent and granted dual legal custody and visitation rights to Ramirez. Also, in the divorce complaint, Della Corte admitted that the child was born of the marriage. Finally, Ramirez pays child support to Della Corte. Based on the foregoing, we determine there was no error in the judge's determination that Ramirez is the child's legal parent.

2. *Substantial and material change in circumstances.* Della Corte next

---

[1]Given Ramirez's direct involvement in the artificial insemination of Della Corte, there is no question that Ramirez consented to the insemination.

claims that it was an abuse of discretion for the judge to find no substantial or material change in the circumstances of the parties warranting a modification of custody. We disagree. "[T]he court may make a judgment modifying its earlier judgment as to the care and custody of the minor children . . . provided that the court finds that a material and substantial change in the circumstances of the parties has occurred and the judgment of modification is necessary in the best interests of the children." G. L. c. 208, § 28, as amended by St. 1993, c. 460, § 60. The only significant change that Della Corte can show is that the child has become older since the original decree. The judge found that the problems the parties were having prior to the original decree are similar to the issues they currently have. The guardian ad litem made factual findings that both Della Corte and Ramirez were loving parents, and that the child enjoys spending time with each of them. In these circumstances, there was no change "of sufficient magnitude" warranting a modification of joint legal custody. *Hernandez* v. *Branciforte*, 55 Mass. App. Ct. 212, 220 (2002). Cf. *Rosenthal* v. *Maney*, 51 Mass. App. Ct. 257, 262-265 (2001) (custodial parent moving to a different State not material and substantial enough to warrant modification); *Katzman* v. *Healy*, 77 Mass. App. Ct. 589, 590 (2010) (same).

3. *Best interests of the child.* Finally, Della Corte claims that the judge should have conducted a best interests of the child analysis. We disagree. "Although the best interests of the children always remain the paramount concern," *Yannas* v. *Frondistou-Yannas*, 395 Mass. 704, 710 (1985), because there was no "material and substantial change" in circumstances, the judge did not need to proceed to a best interest analysis under the statute. "The requirement of a change in circumstances is grounded in the interests of finality of judgments." *R.S.* v. *M.P.*, 72 Mass. App. Ct. 798, 803 (2008). "In the interests of finality this court has conditioned modification upon a demonstrated change in circumstances after entry of the original decree." *Champion* v. *Champion*, 54 Mass. App. Ct. 215, 223 (2002), quoting from *Heistand* v. *Heistand*, 384 Mass. 20, 26-27 (1981).

*Modification judgment dated November 22, 2010, affirmed.*

*Edward Foye* for Gabriella Della Corte.

*Dana Alan Curhan* (*Honora A. Kaplan* with him) for Angelica Ramirez.