J.C. (father) appeals from a judgment of divorce nisi entered in the Probate and Family Court which, among other things, granted his former wife, A.C. (mother), sole legal custody of the parties' two minor children. We affirm.
Background. On November 19, 2013, the parties separated and the mother obtained an abuse prevention order against the father pursuant to G. L. c. 209A, which was later extended to November 16, 2017, following an evidentiary hearing attended by both parties and their respective counsel.[2]
On May 6, 2014, a judge of the Probate and Family Court granted the mother temporary sole legal and physical custody of the children during the pendency of the divorce proceedings. A two-day divorce trial was held before a different judge of the Probate and Family Court on October 5 and October 6, 2015.[3]
On February 9, 2016, the trial judge issued a judgment of divorce nisi, providing, in relevant part, that the mother shall have sole legal custody of the children, and shall keep the "[f]ather informed as to the children's health, education and welfare on a regular basis." The mother also shall contact the father and seek his input for activities for the children.[4] The father timely appealed from the judgment of divorce, challenging only the award of sole legal custody to the mother.
Discussion. We review custody determinations for an abuse of discretion. Schechter v. Schechter, 88 Mass. App. Ct. 239, 245 (2015).[5] "In custody matters, the touchstone inquiry [is] ... what is 'best for the child.' " Hunter v. Rose, 463 Mass. 488, 494 (2012), quoting from Custody of Kali, 439 Mass. 834, 840 (2003). See G. L. c. 208, § 28. "The determination of which parent will promote a child's best interests rests within the discretion of the judge ... [whose] findings ... must stand unless they are plainly wrong." Hunter v. Rose, supra, quoting from Custody of Kali, supra at 845.
The father argues that neither the judge's subsidiary findings, nor the evidence at trial, supports the decision to grant sole legal custody to the mother. We disagree.
"Shared legal custody" is defined as "continued mutual responsibility and involvement by both parents in major decisions regarding the child's welfare including matters of education, medical care and emotional, moral and religious development." G. L. c. 208, § 31, as appearing in St. 1989, c. 689. Shared custody is generally not appropriate where the judge's findings demonstrate "that the relationship of the parties has been dysfunctional, virtually nonexistent, and one of continuous conflict." Carr v. Carr, 44 Mass. App. Ct. 924, 925 (1998). Here the judge's findings clearly demonstrate that the parties' relationship has been "dysfunctional" and "one of continuous conflict." Ibid. The judge found that the "[f]ather often denigrated [the] [m]other, called her names, physically grabbed her on a number of occasions, made sexual comments [the] [m]other found insulting, sometimes in front of the children, sent unwelcome sexually explicit text messages and emails, and forced himself upon her sexually." The judge also found that the father twice took naked pictures of the mother and disseminated those pictures without her knowledge or consent. The judge acknowledged the "difficulties in the relationship between the parties" and found that the father made a number of unilateral decisions regarding the children without consulting the mother.[6] In light of these findings, we conclude that the judge neither abused her discretion nor applied an improper analysis in awarding sole legal custody to the mother. Ibid.
Moreover, to the extent that the judge considered "evidence of past or present abuse toward a parent or child as a factor contrary to the best interest of the child," G. L. c. 208, § 31A, inserted by St. 1998, c. 179, § 3, we discern no error.[7] The father claims that the judge erroneously applied the rebuttable presumption under G. L. c. 208, § 31A, that joint legal custody is contrary to the children's best interests where there has been a finding of a "pattern or serious incident of abuse." While we agree that it would have been preferable for the judge to state expressly that she found "a pattern or serious incident of abuse has occurred," we think the judge's findings that the father had a "history of violence" toward the mother, that the father's abuse of the mother "had been escalating throughout 2013," and that the father had "admitted to sufficient facts on a charge of domestic assault and battery against [the] [m]other" in a separate criminal proceeding are sufficient to convey the judge's view that a "pattern" of abuse had occurred, thereby triggering the presumption against shared custody under § 31A.[8] In any event, even if the presumption under § 31A did not apply here, the judge's findings regarding the parties' troubled, conflict-ridden relationship support the award of sole legal custody to the mother. See Rolde v. Rolde, 12 Mass. App. Ct. 398, 405 (1981) (shared custody "requires two capable parents with some degree of respect for one another's abilities as parents, together with a willingness and ability to work together" [quotation omitted] ).
We likewise reject the father's claim that the judge's findings do not have adequate evidentiary support. The judge's findings were based largely on her assessment of each party's credibility at the trial. As there is nothing in the record that would leave us "convinced" that the judge's credibility determinations were "plainly wrong," we decline to disturb them. Zaleski v. Zaleski, 469 Mass. 230, 237 (2014), quoting from Felton v. Felton, 383 Mass. 232, 239 (1981). Accordingly, we discern no abuse of discretion in the judge's decision to grant sole legal custody to the mother. See Rolde v. Rolde, supra at 404-406.
Conclusion. The judgment of divorce nisi, dated February 9, 2016, granting sole legal custody of the parties' minor children to the mother is affirmed.[9]
So ordered.
Affirmed.

The mother had previously filed a complaint for divorce in the Probate and Family Court on August 13, 2013. However, the father was not served with the complaint until December 3, 2013. The father filed his own complaint for divorce in November, 2013, but that complaint was dismissed after service of the mother's complaint.

Due to the mother's pending bankruptcy action, the judge bifurcated and reserved for later adjudication the financial issues, including support and equitable distribution of the marital estate.

The judgment of divorce also granted the mother primary physical custody of the children, with parenting time for the father on Wednesdays and alternating weekends. The physical custody determination is not challenged by the father on appeal.

"[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made a clear error of judgment in weighing the factors relevant to the decision, ... such that the decision falls outside the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014) (quotation omitted).

The judge found that the father had changed the children's dentist and enrolled them in extracurricular activities without informing the mother.

The judge found that "[i]t is in the best interests of the children for [the] [m]other to have sole legal custody in light of the existence of the [a]buse [p]revention [o]rder and the history of violence and excessive control exhibited by [the] [f]ather toward [the] [m]other."

Indeed, it appears the father was unable to rebut that presumption, as the judge found the father had failed to demonstrate that shared custody was in the children's best interests. See G. L. c. 208, § 31A ("Such presumption may be rebutted by a preponderance of the evidence that [a shared] custody award is in the best interests of the child"). Moreover, the judge considered the effects of the abuse on the children, as she found that some of the abuse had been witnessed by the children and the children had been "negatively impacted" by the father's "temper and anger issues." See ibid. ("If the court finds that a pattern or serious incident of abuse has occurred and issues a temporary or permanent custody order, the court shall within 90 days enter written findings of fact as to the effects of the abuse on the child"). See also G. L. c. 208, § 31 (judge "shall consider whether or not the child's present or past living conditions adversely affect his physical, mental, moral or emotional health").

To the extent that we do not address the father's other contentions, "they 'have not been overlooked. We find nothing in them that requires discussion.' " Department of Rev. v. RyanR., 62 Mass. App. Ct. 380, 389 (2004), quoting from Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).