The father appeals from a paternity judgment that, among other things, declared his paternity, awarded the father and the mother joint legal and the mother sole physical custody of the children, established a visitation schedule for the father, and set the father's child support obligations. He challenges only so much of the judgment as awarded physical custody of the children to the mother. We affirm.
The father and the mother began a nonmarital relationship in 2011. The mother gave birth to their first child that year. The couple's relationship ended in March, 2013, when the mother and the older child moved out of the then-shared residence; the mother gave birth to a second child about one month later. In March, 2014, the father filed a complaint to establish paternity. The Department of Revenue soon thereafter filed a separate complaint to establish paternity and for child support. Pending trial the parties stipulated, among other things, that the father was the children's biological father, the father would have visitation on a certain schedule and with conditions, and the father would, pending trial, pay weekly child support to the mother in a specified amount. Trial took place over two days in April, 2017; the father, the mother, and other witnesses testified. At the trial's conclusion, the judge made findings and issued the judgment described above.
The judge correctly determined that a shared physical custody arrangement would not be appropriate because, as the judge found and the father effectively concedes, the parties are unable meaningfully to communicate or cooperate. See Smith v. McDonald, 458 Mass. 540, 553 (2010), quoting Carr v. Carr, 44 Mass. App. Ct. 924, 925 (1998) ("Joint custody is inappropriate for parents whose relationship to date has been 'dysfunctional, virtually nonexistent, and one of continuous conflict' "); Mason v. Coleman, 447 Mass. 177, 182 (2006) (shared custody "is generally appropriate only if the parties demonstrate an ability and desire to cooperate amicably and communicate with one another to raise the children").[2] The judge thus was left with determining which parent should have physical custody.
"[I]n deciding issues involving custody, the overriding concern of the court must be the promotion of the best interests of the children and their general welfare.... In exercising discretion, the judge is authorized to consider the widest range of permissible evidence" (quotation omitted). Schechter v. Schechter, 88 Mass. App. Ct. 239, 246 (2015). The judge properly discharged her duty here, finding, among other things, that the father has a history of alcohol abuse, the mother always has been the primary caretaker of the children, and the father, at least during the children's early years, took little interest in the children and did not otherwise participate to any meaningful extent in their upbringing. Those findings are all well supported. Most importantly for present purposes, the judge's findings to the effect that the father committed acts of domestic abuse also are, despite the father's denials, well supported. By themselves those findings powerfully support the judge's custody order. See G. L. c. 209C, § 10 (e ).[3] See also Custody of Vaughn, 422 Mass. 590, 595 (1996) ("physical force within the family is both intolerable and too readily tolerated and ... a child who has been either the victim or the spectator of such abuse suffers a distinctly grievous kind of harm").
Pointing to evidence supporting his position, the father argues little more than that the judge did not properly weigh the evidence before her or credit the father's testimony. But the judge was not required to view the evidence from the father's perspective. See Care & Protection of Three Minors, 392 Mass. 704, 711 (1984). Where, as here, "there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Care & Protection of Olga, 57 Mass. App. Ct. 821, 824 n.3 (2003), quoting Anderson v. Bessemer City, 470 U.S. 564, 573-574 (1985).
We do not agree that the judge failed to consider all relevant factors or otherwise disregarded what the father characterizes as the mother's attempts to limit his contact with the children. On the contrary, the judge made specific findings on most or all of the matters the father now raises, including the mother's 2013 decision to send the older child to Ghana to stay with a family member for a number of months, the mother's move out of the then-shared residence in March, 2013, the couple's 2011 ceremony or party, the mother's improper attempt to claim a tax deduction for her sister's child, and the mother's work schedule, which makes it difficult for the mother to get the children to school. The judge specifically credited testimony to the effect that the father's more recent behavior toward the children is both appropriate and loving, that the children are attached to the father, and that the father claims to have been sober for the past five years and is self-employed as a real estate broker. The judge also specifically commented that both the father and the mother "have credibility issues."
While the evidence before the judge thus was conflicting and subject to differing reasonable interpretations, it was for the judge, not this court, to weigh that evidence and balance the various considerations. Cf. Adoption of Bianca, 91 Mass. App. Ct. 428, 434 (2017) ("In choosing among placement plans, it falls to the sound discretion of the trial judge to determine what is in the best interest of the child, and our review on appeal is one of substantial deference" [quotation omitted] ). In viewing the record as a whole, we are satisfied that the judge considered all appropriate factors and reasonably exercised her considerable discretion by concluding that, on balance, the children's interests are best served by placing physical custody with the mother. Schechter, 88 Mass. App. Ct. at 245, quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014) ("A judge's discretionary decision constitutes an abuse of discretion [only] where we conclude the judge made 'a clear error of judgment in weighing' the factors relevant to the decision").
Judgment affirmed.

We do not consider the father's suggestion that the Supreme Judicial Court wrongly decided Mason. See Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 390 n.5 (2017), quoting Commonwealth v. Dube, 59 Mass. App. Ct. 476, 485 (2003) ("even if we were inclined, we lack the authority to 'alter, overrule or decline to follow the holding of cases the Supreme Judicial Court has decided").

Section 10 (e ) provides, in relevant part, that "[i]n issuing any ... permanent custody order, the probate and family court shall consider evidence of past ... abuse toward a parent ... as a factor contrary to the best interest of the child.... [A] pattern or serious incident of abuse ... shall create a rebuttable presumption that it is not in the best interests of the child to be placed in sole custody, shared legal custody, or shared physical custody with the abusive parent").