The father appeals from an amended judgment of modification and a judgment on his complaint for contempt, both entered in the Probate and Family Court. He argues that the judge erred by (1) reducing the father's parenting time with the parties' child, (2) declining to order that the child's surname be changed to include the father's surname,[2] and (3) finding the mother not guilty of contempt. We affirm in part and vacate in part the amended judgment of modification and affirm the judgment on the complaint for contempt.
1. Parenting schedule. The original parenting schedule, as set forth in the April 2015 judgment of paternity, provided as follows. Beginning September 2015, the father would have the child on alternate weekends from Friday at 5 P . M . to Sunday at 6 P . M . (or Monday at 6 P . M . if Monday was a holiday). Beginning September 2016, the father's parenting time would increase to alternate weekends from Friday at 5 P . M . to Monday at 6 P . M . Once the child begins kindergarten,[3] the schedule would revert back to Friday at 5 P . M . to Sunday at 6 P . M . The father also was given summer vacation time with the child: two nonconsecutive weeks beginning in the summer of 2016, and three nonconsecutive weeks beginning in the summer of 2017. The father would be entitled to first choice of his vacation weeks in odd-numbered years.
In August 2015 the mother filed a complaint for modification, alleging that the child was suffering distress during visits with the father and that increasing the father's parenting time would cause the child more distress. The mother requested that implementation of the parenting schedule "be delayed until the child is acclimated to visitation." The father counterclaimed for modification, requesting among other things that he be allowed to pick up the child at 4 P . M . on Fridays to give them time to catch the ferry to New York, where the father lives.
After a trial on the mother's complaint and the father's counterclaims, the judge modified the judgment of paternity in various respects. As most relevant here, the judge ordered that (1) "[e]ffective immediately, [the] [f]ather's parenting time shall be alternate weekends from Friday at 4:00 P . M . until Sunday at 6:00 P . M ., and in the event Monday is a holiday or there is otherwise no school on Monday, [the] [f]ather's parenting time shall be extended until Monday at 6:00 P . M .," and (2) the "[f]ather's vacation time ... shall take place when school is not in session." The father argues on appeal that the judge erred by ordering these and other modifications without finding a substantial change of circumstances to warrant them.
The issue is governed by G. L. c. 209C, § 20, which provides that "no modification concerning custody or visitation shall be granted unless the court finds that a substantial change in the circumstances of the parties or the child has occurred and finds modification to be in the child's best interests." As this language makes clear, a finding of a substantial change of circumstances is a statutory prerequisite to modifying a custody or visitation order. See Della Corte v. Ramirez, 81 Mass. App. Ct. 906, 908 (2012), quoting Champion v. Champion, 54 Mass. App. Ct. 215, 223 (2002) ("In the interests of finality this court has conditioned modification upon a demonstrated change in circumstances after entry of the original decree"); R.S. v. M.P., 72 Mass. App. Ct. 798, 803 (2008) ("The requirement of a change in circumstances is grounded in the interests of finality of judgments").
Here, because of internal inconsistencies in the judge's rationale, it is unclear whether she found modification justified by a substantial change in circumstances of the parties or the child. On the one hand, the judge stated that "neither party has demonstrated a substantial change in the circumstances of either the parties or the child[ ]." But on the other, the judge plainly identified the evidentiary basis for each of the modifications she ordered.[4] In particular, with respect to the two modifications identified above, the judge found them warranted by evidence that, since the judgment of paternity entered, the child had been diagnosed with autism spectrum disorder and was put on an individualized education plan, entitling him to free preschool services. The judge further found that it would be in the child's best interests to be attending preschool fulltime.
This evidence could reasonably support a finding of a substantial change in circumstances justifying modification of the parenting schedule. We cannot determine, however, whether such a finding is implicit in the judge's rationale. Thus, remand for clarification is necessary on this issue.
2. Child's surname. The judgment of paternity provided that the child would keep the mother's surname, but that his birth certificate would be amended to reflect the father's surname as his middle name. The judge found that no change in circumstances warranted modifying this provision. The father fails to show that the judge erred as a matter of law or otherwise abused her discretion in this respect.
3. Contempt. The father brought a complaint for contempt against the mother for denying him one week of vacation time and the preceding weekend of parenting time, in violation of the schedule set out in the judgment of paternity. The judge found the mother not in contempt because the father proposed his vacation time during a week the child was scheduled to be in preschool and the father would not commit to bringing the child back to Massachusetts in time to attend the first day. We review the judge's decision only for abuse of discretion. See K.A. v. T.R., 86 Mass. App. Ct. 554, 567 (2014).
"[A] civil contempt finding [must] be supported by clear and convincing evidence of disobedience of a clear and unequivocal command." Birchall, petitioner, 454 Mass. 837, 853 (2009). See Cooper v. Keto, 83 Mass. App. Ct. 798, 804 (2013) ("Where the order is ambiguous or the disobedience is doubtful, there cannot be a finding of contempt"). As the mother observes, nothing in the judgment of paternity prohibited her from enrolling the child in preschool. In these circumstances the judge was within her discretion to conclude that the mother's actions did not constitute "clear and undoubted disobedience" of the parenting schedule. Birchall, petitioner, supra at 853. Cf. Wooters v. Wooters, 74 Mass. App. Ct. 839, 844 (2009) ("the husband's disagreement [with how to interpret divorce judgment] or misunderstanding of the issue [did] not constitute clear and undoubted disobedience of a clear and unequivocal command").
Conclusion. Paragraphs 1, 3, and 4 of the amended judgment of modification dated January 12, 2018, are vacated, and the matter is remanded for further proceedings consistent with this memorandum and order. Pending further order, the parenting schedule established in the April 24, 2015, judgment of paternity shall remain in effect. The remainder of the amended judgment of modification dated January 12, 2018, is affirmed. The judgment dated November 28, 2017, on the complaint for contempt is affirmed.[5]
So ordered.
Vacated in part and remanded. Affirmed in part.

The parties were never married. In April 2015 the father voluntarily acknowledged paternity, and a judgment of paternity entered.

The child is scheduled to begin kindergarten in September 2019.

We note that some modifications were favorable to the father. For example, the judge allowed his request for permission to pick up the child one hour earlier on Fridays.

The mother's request for appellate attorney's fees is denied.