NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1221

ALYSSA ERHARTIC

vs.

CHRISTIAN ERHARTIC.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On appeal from a modification judgment, the plaintiff, Alyssa Erhartic (mother), contends that a judge of the Probate and Family Court erred by ordering continued shared legal custody, appointing a parent coordinator, and requiring her to pay child support to the defendant, Christian Erhartic (father). We affirm.

Background.  On April 19, 2016, the parties filed a joint petition for divorce, and a judgment of divorce nisi entered on May 19, 2016.  That judgment incorporated a separation agreement that included provisions related to their three year old child merging with the judgment.  By agreement, the parties maintained

joint legal custody of the child, with neither parent paying child support, and established a detailed parenting plan.

On July 6, 2020, the mother filed a complaint for modification seeking, among other things, sole legal custody, an adjustment in parenting time, and child support. The father answered and filed a counterclaim seeking, among other things, legal and physical custody and child support. Following a trial involving five witnesses, including a guardian ad litem (GAL), and 108 exhibits, the judge issued a judgment of modification as well as detailed findings of fact and rationale. The judge concluded, "I do not find a material and substantial change in circumstances and that it would be in [the child's] best interests to grant either party's request for sole legal or sole physical custody." The judge entered a child support order "in accordance with the guidelines" and concluded that it was "imperative" that the parties continue to work with the parenting coordinator as agreed. The mother now appeals.

Discussion. "[T]he court may make a judgment modifying its earlier judgment as to the care and custody of the minor child[] of the parties provided that the court finds that a material and substantial change in the circumstances of the parties has occurred and the judgment of modification is necessary in the best interests of the child[]." G. L. c. 208, § 28. "[I]n

2

reviewing the ultimate determination on custody and visitation, we consider whether there was an abuse of discretion in how the judge accounted for the child's best interests." Schechter v. Schechter, 88 Mass. App. Ct. 239, 245 (2015). "[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made 'a clear error of judgment in weighing' the factors relevant to the decision." Id., quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). We discern no error.

The record shows that the judge carefully considered the parties' relationships with the child as well as the child's educational needs and physical, emotional, and mental health. See G. L. c. 208, § 31. As the judge found, the father's conduct was at times "unhelpful and stressful" to the mother, delayed the child from receiving special education services, slowed a productive decision-making process regarding the child's needs, and caused the child "undue stress and worry." Despite the father's shortcomings, "the parties have been able to make joint decisions for [the child] albeit with some delay at times." The parties have been able to reach agreements regarding the child "on all major issues." "Overall [the child] has done well under the current parenting plan. He transitions easily between the homes, and is overall happy and well

3

adjusted."  "In these circumstances, there was no change 'of sufficient magnitude' warranting a modification of joint legal custody."  Corte v. Ramirez, 81 Mass. App. Ct. 906, 908 (2012), quoting Hernandez v. Branciforte, 55 Mass. App. Ct. 212, 220 (2002).

The mother contends that the judge applied the wrong legal standard and further contends that the judge's conclusion about insufficient changed circumstances is inconsistent with the findings of fact that show the father was responsible for the parties' dysfunctional relationship that was marked by continuous conflict.  To the contrary, the judge applied the correct standard and exercised her discretion in determining that joint custody continues to be the best path for safeguarding the happiness and welfare of the child.  See Carr v. Carr, 44 Mass. App. Ct. 924, 924 (1998) (custody decision "rests within the discretion of the trial judge").  We also note that the judge rejected some of the GAL's harshest criticism of the father and credited evidence showing that the father demonstrated self-awareness of his shortcomings and made significant efforts through therapy and medication to modify his behavior.  See Mason v. Coleman, 447 Mass. 177, 186 (2006) (judge is not obliged to accept views of GAL).  The judge also found that the "parties are able to communicate about [the

4

child] and make decisions for him," and the judge specifically rejected any suggestion that the parties had an inability to communicate or reach decisions in the child's best interest. While the mother continues to view the evidence very differently than the trial judge, we defer to the judge's assessment of this evidence.

As her extensive and detailed findings show, the judge did not condone, minimize, or overlook the father's conduct. "The judge properly recognized that the present case was not about punishing a party for past bad behavior, but was about deciding what was best for the child[] going forward." K.A. v. T.R., 86 Mass. App. Ct. 554, 565 (2014). Nevertheless, the judge's rationale makes clear that more is expected from the father going forward. In particular, the judge noted that the father "intends to continue in treatment" for his problematic behavioral issues, and it is not in the child's best interest "to keep his activities, friends and personal belongings in Concord separate from those in Chelmsford." If shared physical custody is to continue as the child grows older, the father needs to accept the child's important social relationships in Concord (with the mother) as well as in Chelmsford (with the father).

We also disagree with the mother's contention that the judge lacked authority to require the parties to pay for a parenting coordinator.  A Probate and Family Court judge has the "inherent authority" to appoint a parenting coordinator, but requiring the parties to pay for the services of the coordinator is not permitted without their consent.  Bower v. Bournay-Bower, 469 Mass. 690, 698, 707 (2014).  The record shows that the parties consented.  Through a stipulation dated September 30, 2022, the parties agreed to "employ" the services of a parenting coordinator "until such time as the Court issues a final Judgment of Modification in this matter, which does not incorporate the present terms of this Stipulation."  The modification judgment here incorporated the terms of the stipulation.  We do not read any terms of the stipulation as

6

limiting the parties' consent to a particular time frame as the mother asserts in her brief.

Modification judgment
  affirmed.

By the Court (Milkey,
  Hodgens & Toone, JJ.[1]),

_Paul Little_

Clerk

Entered:  July 26, 2024.

---

[1] The panelists are listed in order of seniority.