NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-51

KIM TRUONG

vs.

TRUONG NHAT HO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After approximately twenty years of marriage, Kim Truong (wife) filed a complaint for divorce from Truong Nhat Ho (husband).  A judge of the Probate and Family Court issued a judgment of divorce nisi (divorce judgment).  The wife challenges provisions of that divorce judgment regarding property division and child custody.[1]  We affirm.

Background.  We summarize the trial judge's findings, reserving some details for later discussion.  See Pierce v. Pierce, 455 Mass. 286, 288 (2009).  The parties were married in

_____

[1] The wife also seeks alimony, but she makes no argument that the judge's denial of alimony was erroneous.  Accordingly, we do not address her request for alimony on appeal.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1629 (2019).

Vietnam in 2002.  They have two children together -- a twenty-one year old son and a twelve year old daughter.  The wife filed for divorce in March 2021.  Following a trial in the Probate and Family Court, the judge issued a divorce judgment, which stated that the husband would retain all rights, title, and interest in the marital property, but he would pay the wife her fifty percent share of the equity in the former marital home.  As to custody of the minor daughter, the divorce judgment stated that the husband and wife shall share legal custody, with the wife having primary physical custody and the husband having reasonable parenting time.

Discussion.  1.  Property division.  General Laws c. 208, § 34, governs the division of property in divorce cases and provides for various factors which the court is bound to consider.  The "ultimate goal" of the statute is to effectuate "an equitable, rather than equal, division of property." Williams v. Massa, 431 Mass. 619, 626 (2000).  "As long as the judge's findings show that all relevant factors in § 34 were considered, and the reasons for the judge's conclusions are apparent and flow rationally from the findings and rulings, a judge's determination on the equitable division of marital property will not be disturbed." Williams, supra at 631.  A judge's credibility findings are virtually unassailable on

2

appeal and will not be disturbed unless clearly erroneous.[2]  See

Wakefield v. Hegarty, 67 Mass. App. Ct. 772, 774-775 (2006).

On appeal, the wife claims that the husband made "blatant attempts to remove/hide/conceal funds while attempting to dissolve the marriage."  Specifically, the wife argues that the $70,000 the husband transferred to their son should be "counted for equalizing share of marital assets," that it was unfair to compare the husband's full-time salary with that of her part-time one, and that the judge erred by allowing the husband to retain the marital home.

The judge credited the husband's testimony that he transferred $70,000 to his son in 2021 for "school purposes" and concluded that those "funds were part of the ongoing support of the son and were not outside the marital enterprise."  The judge considered both the husband's and wife's salaries.  Although the judge found that the wife underreported her income, the judge acknowledged that once divorced, the wife "will be required to incur additional expenses."  Recognizing that the husband will pay child support, the wife had underreported her income, and

---

[2] The wife submitted a motion to expand the record with materials which were not presented at the trial.  We cannot consider evidence which was not presented at trial.  See Hamed v. Fadili, 408 Mass. 100, 104 (1990) ("It is implicit in [Mass. R. A. P. 8 (e), as appearing in 481 Mass. 1637 (2019)] and in the very nature of the appellate process that any correction to the record must take place before the appeal has been decided").

there was no evidence wife could not increase the number of days she worked from her current three to four days per week, the judge concluded that the wife "shall be able to maintain a very modest lifestyle that the parties enjoyed as an intact family." As to the evidence regarding the marital home, the judge found that the wife would not be able to qualify for a mortgage in the marital home. The judge credited the husband's testimony that he has good credit and a higher level of income, thus he could pay the wife her share of the equity of the home and maintain the marital home.

After reviewing each of the wife's arguments, we conclude that she has not demonstrated clear error in the judge's findings regarding the marital home or in the division of assets. Therefore, we will not disturb the judge's findings.

2. Joint custody. Shared custody is "generally appropriate only if the parties demonstrate an ability and desire to cooperate amicably and communicate with one another to raise the children." Mason v. Coleman, 447 Mass. 177, 182 (2006). "[Shared] custody is inappropriate for parents whose relationship to date has been 'dysfunctional, virtually nonexistent, and one of continuous conflict.'" Smith v. McDonald, 458 Mass. 540, 553 (2010), quoting Carr v. Carr, 44 Mass. App. Ct. 924, 925 (1998). "[I]n reviewing the ultimate

4

determination on custody and visitation, we consider whether there was an abuse of discretion in how the judge accounted for the child's best interest." Schechter v. Schechter, 88 Mass. App. Ct. 239, 245 (2015). "[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made 'a clear error of judgment in weighing' the factors relevant to the decision." Id., quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). Here, we discern no error.

On appeal, the wife challenges the judge's decision to grant the husband reasonable parenting time to care for their daughter. The record shows that the judge carefully considered each party's' relationship with the daughter as well as the daughter's needs, well-being, and happiness. See G. L. c. 208, § 31. The daughter lived her entire life with both parents and continued to live with both parents after the divorce was filed. The judge found no evidence to suggest that the parties' relationship has been dysfunctional or virtually nonexistent. See Smith, 458 Mass. at 553. Nor did the judge find evidence that either spouse's behavior had caused harm to the daughter.

Although the wife views the evidence differently than the trial judge, we defer to the judge's assessment of the evidence.

Judgment of divorce nisi
   <u>affirmed</u>.

By the Court (Vuono,
   Brennan & D'Angelo, JJ.[3]),

Paul Little

Clerk

Entered:  April 18, 2025.

---

[3] The panelists are listed in order of seniority.