NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1071

ANDREW GILMORE

vs.

PATRICIA GILMORE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from a judgment of divorce nisi of the Probate and Family Court, rendered after trial. The plaintiff argues that his divorce judgment should be vacated because his counsel was ineffective, and as a result, many findings from the trial court were "erroneous," "prejudicial," and "unfairly detrimental."

Because the plaintiff does not have a right to effective assistance of counsel in a divorce case that could result in overturning a judgment, his claim fails as a matter of law. See Commonwealth v. Patton, 458 Mass. 119, 124 (2010) ("As a general rule, there is no right to the effective assistance of counsel

in civil cases").  We therefore affirm the probate court's judgment.

Background.  The plaintiff, Andrew Gilmore (husband), and the defendant, Patricia Gilmore (wife), were married in 2013 and had two children together.  In December of 2017, the parties permanently separated.  Following their separation, the wife continued to care for both children full time while the husband saw the children occasionally, and even then, only under supervision.

On May 5, 2020, the husband filed for divorce.  He was represented by counsel, and his complaint requested joint legal custody of the children, support, and equitable division of marital assets.  The wife filed a counterclaim requesting primary physical custody of the children and permission to move with the children from Methuen to Attleboro.

The parties thereafter stipulated to the appointment of a guardian ad litem (GAL) for the matter.  The GAL's investigation included interviews with the parties and others, observations of the children, and examinations of the children's and parties' records.  In a report in March of 2022, the GAL recommended that the husband's parenting time remain supervised while he worked on better managing his temper and understanding his children's individual needs.

2

After a two-day trial in which the GAL testified and her report was introduced as an exhibit, the judge issued a judgment of divorce nisi on July 16, 2024.  The judgment ordered joint legal custody of the children and that the husband pay weekly child support to the wife.  The husband was awarded the parties' marital home, and the wife was granted permission to move with the children to Attleboro, closer to her parents.  The wife was also granted sole physical custody of the children, and the husband was given supervised parenting time every other weekend, the supervisor to be either mutually agreed on by the parties or appointed by the court.  The judgment expressly provided that "four months of consecutive parenting time with positive reports . . . shall be considered a material and substantial change of circumstances" warranting a change to the parenting plan.

The judgment entered on July 19, 2024.  The husband appeals.

Discussion.  The husband argues that the trial court's judgment was "erroneous" because he was denied his "fundamental due process right to be heard in a fair legal proceeding by and through ineffective representation of counsel."  The husband identifies three reasons that his counsel was allegedly ineffective:  (1) counsel failed to demand that the wife produce a "Vaughan Affidavit," which is an affidavit that would disclose the wife's prospects for future acquisition of capital assets

3

and income -- for example, an affidavit from the wife's parents regarding her potential inheritance; (2) counsel failed to protect the husband from the trial court's order that any visitation with his children be supervised; and (3) counsel failed to provide him with a copy of the GAL's report. The defendant asks for this case to be remanded for "further proceedings in accordance with the further instructions of this Court."

As a general rule, a party to a civil case does not have a right to effective assistance of counsel. See Patton, 458 Mass. at 124. Exceptions to this rule are limited, and generally involve proceedings where the government might deprive the party of his "liberty or a fundamental liberty interest," such as civil commitment proceedings, or proceedings where the Commonwealth seeks to take custody of a parent's child. Id. at 128. See Care & Protection of Stephen, 401 Mass. 144, 149 (1987) (holding that parents in care and protection proceedings have right to effective assistance of counsel); Commonwealth v. Ferreira, 67 Mass. App. Ct. 109, 115 (2006) (holding that sexually dangerous persons facing civil commitment have right to effective assistance of counsel). Divorce proceedings generally do not involve such deprivations of liberty. The plaintiff cites no case holding that he has a right to counsel in a custody dispute with the child's other parent, and indeed, the

4

case law holds that no fundamental interest is at stake in such disputes. See Carr v. Carr, 44 Mass. App. Ct. 924, 925 (1998) (explaining that "when custody is contested it is the divorcing parents who seek the impairment of each other's rights and the [S]tate is thrust into the role of mediator by necessity" [quotation and citation omitted]).

Under Massachusetts Rule of Appellate Procedure 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019), appellate briefs must contain "the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities and parts of the record on which the appellant relies" (emphasis added). As noted, here the husband points to no legal authority, nor can he, to support the extension of a right to effective assistance of counsel to himself in this case. See Zora v. State Ethics Comm'n, 415 Mass. 640, 642 n.3 (1993) (holding that "bald assertions of

error, lacking legal argument and authority," do not meet standard in Mass. R. A. P. 16 ).[1,2]

                                    Judgment affirmed.

                                    By the Court (Neyman,
                                      Ditkoff & Englander, JJ.[3]),

                                    _Paul Little_

                                    Clerk

Entered:  September 30, 2025.

---

[1] Aside from the lack of legal basis, we note that the husband's arguments fail for other reasons as well.  There is no right to obtain a Vaughan affidavit, as the information sought may be obtained through deposition of the third-party or by document request.  Nor does the plaintiff even attempt to show how he was prejudiced by the lack of a Vaughan affidavit. Moreover, the husband provides no factual basis to evaluate counsel's actions with respect to supervised parenting time, and the judge's order delineating how the husband could be relieved of supervision blunts much of the husband's criticism.  Finally, the husband had access to the GAL's Report, and was present at the trial for the testimony of the GAL; he again offers no argument as to prejudice.

[2] The wife has asked the court, in its discretion, to award attorney fees, arguing that the husband's claims are frivolous. The award of attorney fees is denied.

[3] The panelists are listed in order of seniority.